## Commonwealth v. Stigora

*Virginia Leo Sirotnak*, for Commonwealth.
*Mario E. Cipriani*, for defendant.

BROMINSKI, J., February 11, 1975—This matter comes before the court upon appeal of David Charles Stigora from a two-month suspension of his motor vehicle privileges for an alleged violation of section 1027(d) of The Vehicle Code of April 29, 1959, P.L. 58, 75 PS §1027. After hearing, de novo, the court finds the following:

### FINDINGS OF FACT

1. On December 27, 1973, at about 10:30 p. m., appellant was proceeding down a mountain road in Newport Township, Luzerne County, Pa., and he was forced off the road by an oncoming vehicle and did damage to the lawns of two property owners.

2. At the time, both houses were in darkness and appellant proceeded home. The next day he reported the incident to the police who investigated and, thereafter, appellant voluntarily paid each property owner $100 for damages to their properties.

3. Plaintiff was subsequently required to pay the fine and costs for violation of said section 1027(d) which, essentially, requires one to stop and identify oneself at the scene of an accident.

## DISCUSSION

This case clearly falls within the purview of Commonwealth v. Stamoolis, 6 Pa. Commonwealth Ct. 617, 619:

"Section 1027 of The Vehicle Code was intended to deal with a very real problem—the hit and run driver. As a means of protecting individuals who have suffered injury to their persons or to their property, it very properly requires the offending driver to make his identity known to the injured person or property owner and to notify the police as well. The section is obviously aimed at those drivers who attempt to flee the scene of an accident in which they have been involved without making known their identity, thus seeking to evade their responsibilities, either criminal or financial, or both.

"   . . .

"It is clear, therefore, that §1027(d) should not be so narrowly and technically construed so as to reach an absurd result."

This court is satisfied that the violation here, if any, was a technical one and, as stated in Stamoolis, supra, it was an abuse of discretion by the secretary to suspend for a period of two months, if at all, under the circumstances.

The case before us finds support in Commonwealth

v. Yarian, 40 D. & C. 2d 244, and Rathjens Appeal, 31 D. & C. 2d 621.

For the foregoing reasons, we enter the following

ORDER

It is hereby ordered and decreed that appellant's appeal is sustained and the order of suspension of the secretary is hereby vacated and set aside.